Steven MATREJEK, parent of a disabled child, E.M., and Maureen Matrejek, parent of a disabled child, E.M., Plaintiffs–Counter–Defendants–Appellants,

v.

BREWSTER CENTRAL SCHOOL DISTRICT, Defendant–Counterclaimant–Appellee.

No. 07–0479–cv.

United States Court of Appeals, Second Circuit.

Aug. 19, 2008.

Rosalee Charpentier, Family Advocates, Inc., Kingston, NY, for Appellants.

James P. Drohan, Donoghue, Thomas, Auslander & Drohan, Hopewell Junction, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Appellants Steven Matrejek and Maureen Matrejek (the "parents"), on behalf of their son E.M., appeal from the January 9, 2007 order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge* ), granting summary judgment in favor of appellee Brewster Central School District. The district court order affirmed the State Review Officer's ("SRO") determination that Kildonan School was not a proper placement for E.M.'s eighth grade year under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* and denied the parents' request for tuition reimbursement. *See Matrejek v. Brewster Central School District,* 471 F.Supp.2d 415 (S.D.N.Y.2007). We review *de novo* the district court's award of summary judgment and its application of the IDEA's statutory and regulatory provisions to the facts of a particular case. *Cerra v. Pawling Cent. Sch. Dist.,* 427 F.3d 186, 191 (2d Cir.2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The parents raise several arguments on appeal. First, the parents argue that the SRO and the district court applied an erroneous standard and improperly required the private school placement to be "perfect." We disagree. The SRO and the district court properly considered whether the parents satisfied their burden of showing that their unilateral placement "provides educational instruction specially designed to meet the unique needs of a handicapped child." *See Frank G. v. Bd. of Educ. of Hyde Park,* 459 F.3d 356, 365 (2d Cir.2006).

Second, the parents argue that the record does not support the district court's deference to the SRO's finding that E.M. failed to make progress at Kildonan. "An assessment of educational progress is a type of judgment for which the district court should defer to the SRO's educational experience, particularly where . . . the district court's decision was based solely on the record that was before the SRO." *M.S. ex rel. S.S. v. Bd. of Educ. of Yonk-*

*ers*, 231 F.3d 96, 105 (2d Cir.2000), *abrogated on other grounds by Schaffer v. Weast*, 546 U.S. 49, 57–58, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005). The findings of the SRO were detailed, the administrative proceedings were thorough, and the conclusions arrived at were supported by a preponderance of evidence. *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982); *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119 (2d Cir.1998) ("Deference is particularly appropriate when, as here, the state hearing officers' review has been thorough and careful."). The record contains ample evidence justifying the findings at issue, including that in his first two years at Kildonan, that is, prior to the year at issue: (i) E.M.'s grades and progress reports showed inconsistent academic performance that worsened by the end of seventh grade, (ii) his standardized test scores showed that he fell further behind his peers, and (iii) he did not improve his reading level beyond what he had attained during his last year of public school three years earlier. *See, e.g., Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 113 (2d Cir.2007).

■ Third, as to the parents' argument that Kildonan offered an appropriate educational program for E.M., the SRO and district court properly relied on testimony of Kildonan's academic dean that the school did not provide the type of instruction and services recommended by the evaluators hired by the parents. The record also established that Kildonan offered no speech-language therapy of the sort specifically recommended by E.M.'s neuropsychologist, and failed to develop strategies to address E.M.'s difficulty with attention and focus. *See, e.g., id.* at 114. The parents did not offer evidence sufficient to counter this record and meet their burden of proving that Kildonan was ap-

propriate to E.M.'s needs. *See Schaffer v. Weast*, 546 U.S. at 57–58, 126 S.Ct. 528; *School Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

We have considered all of the parents' other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**